# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**VS.**                              **4:13-CR-00139-SWW**

**ANTONIO LAMONT RICE**

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 47) is DENIED.

## I. BACKGROUND

On June 10, 2014, Defendant pled guilty to being a felon in possession of a firearm.[1] On November 6, 2014, he was sentenced to 110 months in prison.[2]

## II. DISCUSSION

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C.

---

[1] Doc. No. 22.

[2] Doc. Nos. 29, 30.

1

§ 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4] Defendant has provided neither argument nor evidence that he has requested relief from the warden and exhausted his administrative remedies.  Accordingly, this Court lacks jurisdiction.

Even if this Court had jurisdiction, the request would be denied.  In support of his motion, Defendant asserts that he has high blood pressure, which puts him at a higher risk of suffering from COVID-19.  First, high blood pressure is not an "extraordinary and compelling" reason warranting release.  Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5]  Defendant's health condition is not listed.

---

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

[5] Of course, this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n. 1.  The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's

2

§ 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4] Defendant has provided neither argument nor evidence that he has requested relief from the warden and exhausted his administrative remedies.  Accordingly, this Court lacks jurisdiction.

Even if this Court had jurisdiction, the request would be denied.  In support of his motion, Defendant asserts that he has high blood pressure, which puts him at a higher risk of suffering from COVID-19.  First, high blood pressure is not an "extraordinary and compelling" reason warranting release.  Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5]  Defendant's health condition is not listed.

---

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

[5] Of course, this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n. 1.  The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's

Furthermore, Defendant has not shown that his health condition is severe enough to prevent him from independently functioning within the prison.  He also has provided neither argument nor evidence that his health conditions are unable to be controlled with medication.  Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6]  Third, Defendant is 35 years old, which means he does not meet the age minimum under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has fourteen prior convictions, including theft, criminal trespass, two domestic batteries, second-degree battery, and two possession of controlled substances.  He also has two conviction for being a felon in possession of a firearm, which is the same conduct as the instant offense.  Additionally, Defendant was on under a criminal justice sentence when he committed the instant offense.

---

spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

The severity of the instant offense must also be considered.  North Little Rock police officers witnessed Defendant run a stop sign in a vehicle he was driving.  The vehicle matched the description of a car from which shots had been fired earlier.  Defendant led police on a high-speed chase.  Officers saw Defendant throw a gun from the window.  Later they recovered a loaded .45 caliber pistol and a high-capacity magazine.  Additionally, the passenger in the vehicle had an order of protection against Defendant.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 47) is DENIED.

IT IS SO ORDERED, this 4th day of January, 2021.

Susan Webber Wright<br>
UNITED STATES DISTRICT JUDGE