IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA     PLAINTIFF

v.     No. 4:13-cr-139-DPM

ANTONIO LAMONT RICE     DEFENDANT
Reg. No. 27651-009

ORDER

In June 2014, Antonio Rice pleaded guilty to being a felon in possession of a firearm. Judge Susan Webber Wright sentenced him to 110 months' imprisonment. Judge Wright later revoked his supervised release and sentenced him to another 24 months' imprisonment. This case was reassigned to my docket after Judge Wright went on inactive senior status. Rice now seeks relief from his conviction and sentence, arguing that the felon in possession of a firearm statute is unconstitutional. He has also filed a motion to reduce his sentence based on amendments to the Sentencing Guidelines.

Rice's § 2255 petition, *Doc. 77*, is denied for two reasons. Rice says that the felon in possession statute is unconstitutional based on the Supreme Court's holding in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1, 17 (2022). Rice filed his petition in April 2024, almost two years after *Bruen* was decided. It is therefore untimely. 28 U.S.C. § 2255(f)(3). And even if the statute of limitations were tolled, Rice's motion would fail on the merits. Prohibiting felons from

possessing guns does not violate the Second Amendment. *United States v. Jackson*, No. 22-2870, slip op. at 8-9 (8th Cir. 8 August 2024).

Rice's motion to reduce his sentence, *Doc. 83*, is denied, too. When he was sentenced, he received two criminal history points because he was on parole when he committed his new crime. He would only receive one point under the amended Guidelines. This change, however, does not affect his sentencing range. Rice still has twenty-seven criminal history points, meaning he remains in criminal history category VI.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

15 August 2024